**NOT DESIGNATED FOR PUBLICATION**

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2020 CA 1088

LEROY J. CHARLES

VERSUS

RHONDA JOHNSON CHARLES

Judgment rendered: **APR 2 9 2021**

* * * * *

On Appeal from the
Thirty-Second Judicial District Court
In and for the Parish of Terrebonne
State of Louisiana
No. 183874, Division "D"

The Honorable David W. Arceneaux, Judge Presiding

* * * * *

Jerri G. Smitko
Maxwell P. Smitko
Houma, Louisiana

Attorneys for Plaintiff/Appellant
Leroy J. Charles


Stephen R. Rue
Kenner, Louisiana
Tanner D. Magee
Robert J. Landry
Houma, Louisiana

Attorneys for Defendant/Appellee
Rhonda Johnson Charles

* * * * *

**BEFORE: McDONALD, HOLDRIDGE, AND PENZATO, JJ.**

**HOLDRIDGE, J.**

Leroy J. Charles filed suit against his former spouse Rhonda Johnson Charles seeking to revoke an inter vivos donation of immovable property. The trial court dismissed with prejudice Leroy's petition for revocation and this appeal followed. For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

The parties were married on February 1, 1992 and had no children together.[1] On March 11, 1998, Leroy donated to Rhonda "by Act of Donation one half (1/2) of what he own[ed] and retain[ed] the other one-half (1/2) as co-owner, in and to Lot D, Block 2 Village East Estates, with the parties specifically stipulating that the property shall become part of their community of acquets and gains according to Louisiana Civil Code Article 2343.1." On January 9, 2018, Leroy filed a petition for divorce.[2] The trial court signed a judgment of divorce on August 31, 2018. One week later, Leroy filed a petition for revocation against Rhonda citing ingratitude for the inter vivos donation pursuant to La. C.C. arts. 1559 and 1560.[3] Rhonda answered the petition, generally denying the allegations in Leroy's petition. A trial date was set for May 30, 2019.

---

[1] Rhonda had a daughter from a previous relationship.

[2] Leroy filed a petition for divorce in 2004, but the parties reconciled and the suit was dismissed.

[3] Louisiana Civil Code article 1559 provides:

> Revocation for ingratitude does not affect an alienation, lease, or encumbrance made by the donee prior to the filing of the action to revoke. When an alienation, lease, or encumbrance is made after the filing of the action and the thing given is movable, the alienation, lease, or encumbrance is effective against the donor only when it is an onerous transaction made in good faith by the transferee, lessee, or creditor. When an alienation, lease, or encumbrance is made after the filing of the action and the thing given is immovable, the effect of the action to revoke is governed by the law of registry.

Louisiana Civil Code article 1560 provides:

> In case of revocation for ingratitude, the donee shall return the thing given. If he is not able to return the thing itself, then the donee shall restore the value of the thing donated, measured as of the time the action to revoke is filed.

2

On May 29, 2019, Rhonda filed a peremptory exception raising the objection of prescription and motion in limine, requesting that the trial court rule on her motion prior to trial. In her motion, Rhonda stated that the majority of the testimony and evidence that Leroy intended to offer at trial was beyond the prescriptive period set forth in La. C.C. art. 1558.[4] Therefore, Rhonda argued that Leroy's petition for revocation should be dismissed due to prescription, or in the alternative, that a motion in limine be granted, and that Leroy's allegations of ingratitude be limited to those occurring between September 7, 2017 and September 7, 2018. Rhonda further argued that the trial court should "exclude any and all evidence of any kind, including but not limited to allegations, events, and acts occurring prior to September 7th, 2017, the prescriptive limit of Leroy['s] ... action, and excluding all evidence of any kind and events occurring after January 9th, 2018, the date Leroy ... filed for divorce." Alternatively, Rhonda sought to "exclude any and all evidence of any kind, including but not limited to allegations, events, and acts occurring outside of the one-year window of September 7th, 2017 and September 7th, 2018 that being the date of filing of Leroy['s] ... Petition for Revocation."

A bench trial was held on this matter on May 30, 2019, June 14, 2019, and December 10, 2019. On the first day of trial, the trial court denied the motion in limine and deferred a decision on the peremptory exception raising the objection of prescription until the trial was completed. At the conclusion of the trial, the matter was taken under advisement. On April 30, 2020, the trial court signed a judgment that denied Rhonda's peremptory exception raising the objection of prescription

---

[4] Louisiana Civil Code article 1558 provides, in pertinent part, that "[a]n action of revocation for ingratitude shall be brought within one year from the day the donor knew or should have known of the act of ingratitude."

and dismissed with prejudice Leroy's petition for revocation and denied all relief sought therein.[5] From this judgment, Leroy appeals.

## APPLICABLE LAW

A donation inter vivos is an act by which the donor gratuitously divests himself, at present and irrevocably, of the thing given in favor of the donee who accepts it. La. C.C. art. 1468; Melancon v. Garon, 2014-1532 (La. App. 1 Cir. 4/24/15), 2015 WL 1882732, at *3 (unpublished).

Louisiana Civil Code article 1556 provides, in pertinent part, that "[a] donation inter vivos may be revoked because of ingratitude of the donee or dissolved for the nonfulfillment of a suspensive condition or the occurrence of a resolutory condition." A revocation of a donation inter vivos "may take place ... if [the donee] has been guilty towards [the donor] of cruel treatment, crimes, or grievous injuries." La. C.C. art. 1557. Grievous injuries sufficient to revoke a donation have been defined as any act naturally offensive to the donor. Melancon, 2015 WL 1882732, at *3. The jurisprudence has held that cruel treatment or grievous injury sufficient to revoke a gratuitous donation may include adultery by a spouse, seizing property belonging to a parent, filing suit against a parent alleging criminal activity, and slandering the memory of the donor. See La. C.C. art. 1557, comments—2008, comment (c); see also Melancon, 2015 WL 1882732, at *3; Porter v. Porter, 36,007 (La. App. 2 Cir. 6/12/02), 821 So.2d 663, 667-68.

The trial court's determination as to whether a donee has committed a grievous injury upon a donor is a factual determination, which depends heavily on the facts and circumstances specific to the case. Petrie v. Michetti, 2010-122 (La. App. 5 Cir. 1/11/11), 59 So.3d 430, 440. A court of appeal may not set aside a trial court's finding of fact in the absence of manifest error or unless it is clearly wrong.

---

[5] We note that the trial court provided extensive reasons for judgment.

Watts v. Watts, 2017-0369 (La. App. 1 Cir. 12/29/17), 241 So.3d 330, 336, writ denied, 2018-0185 (La. 3/23/18), 239 So.3d 294. When reviewing findings of fact, the issue to be resolved by the reviewing court is not whether the trier of fact was right or wrong, but whether the conclusion was a reasonable one. Id.

## DISCUSSION

Leroy argues on appeal that the trial court erred in not revoking the donation based on ingratitude. Specifically, he argues that the trial court erred in requiring that the cruel treatment or grievous injury necessary to constitute ingratitude for revocation of a donation under La. C.C. art. 1556 must rise to the level of a crime. The determination as to whether a donee has been guilty of cruel treatment or grievous injury toward a donor depends heavily upon the facts and circumstances specific to each case. Melancon, 2015 WL 1882732, at *3. The trial court hears the testimony in its entirety and has a first-hand impression of the credibility of all the witnesses. Id. Thus, the question in this case is whether Rhonda's actions towards Leroy constitute cruel treatment or grievous injury.

The record reveals that the only documentary evidence offered at trial by Leroy was the act of donation and a multitude of screenshots showing text messages between Rhonda and another man. The record further reveals that multiple witnesses testified at trial on behalf of Leroy as to his ingratitude claim against Rhonda. From Leroy and the witnesses' testimonies, it is apparent that Rhonda did not have a cordial relationship with Leroy or his family. Throughout Leroy's testimony, he discussed several instances that he thought constituted ingratitude by Rhonda, including disrespecting Leroy's family, lack of passion or care for Leroy, allegedly making defamatory statements about Leroy's sexuality, neglecting her spousal duties, and calling the police on Leroy.[6] However, the trial

---

[6] We note that Rhonda's testimony at trial rebutted the majority of Leroy's accusations against her for ingratitude.

5

court found that none of the instances that Leroy described constituted ingratitude by Rhonda as mandated by La. C.C. art. 1557 sufficient to nullify the donation. Compare with Bihm v. Deca Systems, Inc., 2016-0356 (La. App. 1 Cir. 8/8/17), 226 So.3d 466, 477; Gorman v. Gorman, 2016-0332 (La. App. 1 Cir. 1/10/17), 2017 WL 123350, writ denied, 2017-0397 (La. 4/24/17), 219 So.3d 1098; Melancon, 2015 WL 1882732, at *3; Adams v. Adams, 2012-1232 (La. App. 1 Cir. 3/25/13), 2013 WL 1196212, at *3 (unpublished) (wherein the actions committed by the donee are blatantly distinguishable from this case to warrant a claim for ingratitude.) Leroy further alleged that Rhonda committed adultery. However, Leroy's counsel admitted that he had no evidence of adultery by Rhonda.

Accordingly, our review of the record reveals no manifest error in the trial court's determination that Leroy failed to provide sufficient grounds for revocation of the donation to Rhonda. In light of the trial court's thorough review of Leroy's claim, as reflected by its extensive written reasons for judgment, it is apparent that the trial court adequately evaluated the credibility of the parties and witnesses when making its determination. Thus, we find that the trial court did not err in finding that Rhonda's actions toward Leroy did not constitute cruel treatment or grievous injury and that Leroy's petition for revocation should be dismissed with prejudice.

## CONCLUSION

For the above reasons, the judgment of the trial court is affirmed. All costs of this proceeding are assessed to Leroy J. Charles.

**AFFIRMED.**

6